Farez-Fernandez v. Garland

BIA
Schoppert, IJ
A202 084 763

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-four.

PRESENT:
>JOSÉ A. CABRANES,
>DENNY CHIN,
>MICHAEL H. PARK,
>>*Circuit Judges.*

_____

DIEGO FAREZ-FERNANDEZ,
>*Petitioner*,

>v.                                                           **23-6382**
>                                                              NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

**FOR PETITIONER:**          Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Margot P. Kniffin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Diego Farez-Fernandez, a native and citizen of Ecuador, seeks review of a March 24, 2023, decision of the BIA affirming a July 26, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Diego Farez-Fernandez*, No. A202 084 763 (B.I.A. Mar. 24, 2023), *aff'g* No. A202 084 763 (N.Y.C. Immigr. Ct. July 26, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

2

§ 1252(b)(4)(B). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We deny the petition because Farez-Fernandez has failed to exhaust the issues he raises here and has abandoned any challenge to the basis for the BIA's decision. The IJ determined that Farez-Fernandez did not establish eligibility for asylum and withholding of removal because his proposed particular social group, "Ecuadorian university students targeted by gangs to sell drugs to and recruit other students," was not cognizable as it was mainly defined by the alleged harm (being recruited by the gang), and because he did not show that the gang targeted him because he was a university student. The BIA affirmed that decision, minus the IJ's reliance on subsequently overturned agency precedent, concluding that Farez-Fernandez had failed to "meaningfully challenge the [IJ]'s factual findings or legal conclusions." *In re Diego Farez-Fernandez*, No. A202 084 763, slip op. at 1.

Farez-Fernandez did not exhaust any specific issues before the BIA. Issue exhaustion is mandatory when, as here, the Government raises the failure to exhaust. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023); *Foster v. INS*, 376 F.3d 75, 79 (2d Cir. 2004) (per curiam) ("Since [petitioner] failed to exhaust

3

his remedies on the claim that his conviction was not an aggravated felony, the decision of the IJ that he is removable on those grounds stands."). Farez-Fernandez did not submit a brief to the BIA, despite indicating his intent to do so, and, as the BIA found, his notice of appeal did not "meaningfully challenge" the IJ's decision because it consisted of a two-sentence conclusory statement that the IJ erred. Such vague statements are insufficient for us to deem exhausted the arguments he raises here. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Moreover, Farez-Fernandez's brief here challenges the bases for the IJ's decision and appears to raise a particular social group not proposed to the IJ, but he does not acknowledge or challenge the BIA's waiver finding. As the unaddressed waiver finding is the only issue that would properly be before us, Farez-Fernandez has abandoned review of the BIA's decision. *See Prabhudial v. Holder*, 780 F.3d 553, 555, 556 (2d Cir. 2015) (per curiam) (holding that "[w]here the agency properly applies its own waiver rule . . . we will not permit an end around those discretionary agency procedures by addressing the argument for the first

4

time in a petition for judicial review" and that "review is limited to whether the BIA erred in deeming the argument waived" (first alteration in original) (internal quotations marks omitted)); *see also Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (per curiam) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5